**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| JOHN MICHAUD, | CV-N-04-0713-LRH (VPC) |
| Plaintiff, | |
| vs. | **REPORT AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE** |
| JACKIE CRAWFORD, ET AL., | |
| Defendants. | January 25, 2006 |

This Report and Recommendation is made to the Honorable Larry R. Hicks, United States District Judge.  The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR IB 1-4.  Before the court is defendants' motion to dismiss plaintiff's entire complaint for failure to exhaust administrative remedies as to certain counts (#26).  Plaintiff opposed (#28), and defendants replied (#30).

The court has thoroughly reviewed the record and the motions and recommends that defendants' motion to dismiss the complaint be granted with leave to re-file to allege only fully exhausted claims.

**I.  HISTORY & PROCEDURAL BACKGROUND**

Plaintiff John Michaud ("plaintiff") is a prisoner at High Desert State Prison ("HDSP") in the custody of the Nevada Department of Corrections ("NDOC") (#26).[1]  Plaintiff brings this action pursuant to 42 U.S.C. § 1983 for violations of his First Amendment right to free exercise

---

[1]At the time plaintiff filed his complaint he was incarcerated at Lovelock Correctional Center (*See* #4).  Plaintiff was subsequently moved to Northern Nevada Correctional Center, (#7) and then to HDSP (# 25).

1   of religion and his Fifth and Fourteenth Amendment rights to equal protection and due process

2   of law, and for violations of the Religious Land Use and Institutionalized Persons Act of 2000

3   ("RLUIPA").  *Id*.  Plaintiff names as defendants Jackie Crawford, former NDOC director; Craig

4   Farwell, retired LCC warden; Rosemary Seals, LCC associate warden of programs; Jane Foraker-

5   Thompson, NDOC supervising chaplain; and Dorothy Nash-Holmes, NDOC assistant director

6

7   of programs.  *Id*.

8          In count I, plaintiff claims that defendants violated his First and Fourteenth Amendment

9   rights and his rights under RLUIPA to exercise his Asatru religion (#4).  Plaintiff alleges that

10  defendants' execution of Administrative Regulation ("A.R.") 810 substantially burdens his

11  freedom to practice his religion.  *Id*.  Under A.R. 810, as approved in September 2004, defendants

12  determined that plaintiff had not provided documentation that the use of a sauna forms a

13  mandatory tenet of the Asatru religion.  *Id*.  Therefore, defendants advised plaintiff that they

14  would discontinue the use of the sauna once the current supply of firewood was exhausted and

15  would stop supplying raw food for ritual cooking.  *Id*.  Plaintiff argues that the blot, a ritual

16

17  bloodletting, is a mandatory activity of the Asatruar (Asatru practitioners).  *Id*.  Plaintiff

18  acknowledges that performance of the blot is not feasible in a prison setting, and plaintiff

19  maintains that defendants improperly disregarded materials he provided to show that use of the

20

21  sauna is an acceptable substitute for the blot.  *Id.*

22         In count II, plaintiff alleges defendants violated his Fourteenth Amendment to be free

23  from racial and religious discrimination.  *Id*.  Plaintiff claims that Institutional Procedure ("I.P.")

24  8.10-1(v)(3), which requires inmates to submit requests for religious holidays or celebrations to

25  the chaplain six weeks in advance, violates his constitutional rights.  *Id*.  Plaintiff asserts that the

26  policy serves no penological interest and that the excessive paperwork substantially burdens

27

28

2

members of non-Judeo-Christian religions.[2]  *Id*.  Plaintiff also challenges the following policies or practices as unconstitutional: Asatruar may not wear a medallion of Thor's hammer, a sacred symbol,[3] while Judeo-Christians may wear medallions and crosses; Asatruar may access an outside yard for religious use once a week, while Judeo-Christian inmates may access the chapel seven days per week; A.R. 810 prescribes that inmates complete a Faith Group Affiliation Declaration, but in practice only members of Pagan religions are required to complete the form; and Native Americans are permitted access to the sweat lodge, yet the Asatruar's access to the sauna will be discontinued.  *Id*.

In defendants' motion to dismiss, they acknowledge that plaintiff completed the grievance process with respect to the suspension of the use of the sauna and the provision of food for ritual cooking pursuant to A.R. 810 (#26).  Defendants assert that plaintiff never directly complained about any institutional procedures, and therefore, plaintiff's claims that relate to I.P. 810 must be dismissed for failure to exhaust administrative remedies.  *Id*.  Defendants urge the court to employ a total exhaustion-dismissal rule and dismiss the entire complaint without prejudice because plaintiff failed to exhaust as to each separate claim.  *Id*.

## II.  DISCUSSION & ANALYSIS

### A.  Discussion

The Prison Litigation Reform Act of 1996 ("PLRA") amended 42 U.S.C. § 1997e to provide that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other

---

[2]Plaintiff asserts that the requirement does not apply to Judeo-Christian holidays (#4).

[3]Plaintiff states that defendants claimed Thor's hammer is a gang-related symbol, apparently linked to a perception of the Asatruar as white supremacists (#4).

3

correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a) (2002).

Although once within the discretion of the district court, the exhaustion of administrative remedies is now mandatory. *Booth v. C.O. Churner*, 532 U.S. 731 (2001). All available remedies must be exhausted before a complaint under § 1983 may be entertained. *Id.* at 738. Those remedies "need not meet federal standards, nor must they be 'plain, speedy, and effective.'" *Porter v. Nussle*, 534 U.S. 516, 524 (2002), *citing Booth*, 532 U.S. at 739-40, n. 5. Even when the prisoner seeks remedies not available in the administrative proceedings, notably money damages, exhaustion is still required prior to filing suit. *Booth*, 532 U.S. at 741. Recent case law demonstrates that the Supreme Court has strictly construed section 1997e(a). *Booth*, 532 U.S. at 741, n. 6 ("[w]e will not read futility or other exceptions into statutory exhaustion requirements where Congress has provided otherwise").

Exhaustion under section 1997e(a) is an affirmative defense. *Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir. 2003). The dismissal of an action for the failure to exhaust administrative remedies is not a decision on the merits and thus is best addressed under a Rule 12(b) motion to dismiss. *Id.* "In deciding a motion to dismiss for a failure to exhaust nonjudicial remedies, the court may look beyond the pleadings and decide disputed issues of fact."[4] *Id.* at 1119-20. If the court concludes that the prisoner has not exhausted his or her administrative remedies, the proper procedure is dismissal of the claim without prejudice. *Id.* at 1120.

The NDOC grievance procedure is governed by A.R. 740, which was effective on January 5, 2004 (#26, A.R. 740, attached thereto). In order to exhaust available remedies, A.R. 740 requires as follows: (1) an informal review process within six months of an incident involving

---

[4]As noted by the *Wyatt* court, this procedure is closely analogous to summary judgment. *Wyatt v. Terhune*, 315 F.3d 1108, 1120, n. 14 (9th Cir. 2003).

4

a civil rights claim; (2) a first level formal written grievance appealing the informal grievance decision to the warden; and (3) a second level grievance, which the Assistant Director of Operations decides. *Id*. A.R. 740 requires NDOC officials to respond at each grievance level within a specified time period, beginning from the date of receipt of the inmate's grievance. *Id*. Inmates may only grieve issues for which they have standing, that is, they generally may not raise issues involving harm suffered by another inmate. *Id*.

Though a circuit split on the issue exists,[5] the Ninth Circuit recently held that the PLRA does not mandate dismissal of an entire action if the inmate failed to exhaust his administrative remedies as to certain claims, but exhausted administrative remedies as to other claims. *Lira v. Herrera*, 427 F.3d 1164, 1171 (9th Cir. 2005). The court reached this determination for three reasons. *Id*. First, the court explained that PLRA § 1997e(c) dictates dismissal of certain defective suits and claims, those that are "frivolous, malicious, fail[] to state a claim upon which relief can be granted, or seek[] monetary relief from a defendant who is immune from such relief," but does not direct that "mixed" actions must be dismissed. *Id*. Second, the court compared the reference to dismissal of a "claim" in § 1997e(c)(2) for failure to exhaust with the reference to dismissal of an "action" in § 1997e(c)(1) and concluded that the difference indicates that "claims that have not been exhausted can be treated independently, for dismissal purposes, from the action as a whole." *Id*. at 1172. Third, the court determined that interpreting the word "action" in § 1997e(a) and (c)(1) to signify that a failure to exhaust any claim mandates dismissal of the suit as a whole would render (c)(2) superfluous. *Id*. The court held that when a plaintiff

---

[5]*Compare Bey v. Johnson*, 407 F.3d 801, 809 (6th Cir. 2005) (holding that § 1997e(a) mandates dismissal of an entire action when a prisoner files a mixed complaint), *and Ross v. County of Bernalillo*, 365 F.3d 1181, 1182 (10th Cir. 2004) (holding that § 1997e(a) creates a total exhaustion-dismissal rule), *with Ortiz v. McBride*, 380 F.3d 649, 651 (2d Cir. 2004) (holding that § 1997e(a) is not a total exhaustion-dismissal rule), *and Kozohorsky v. Harmon*, 332 F.3d 1141, 1144 (8th Cir. 2003) (holding that § 1997e(a) requires dismissal of only the defective, mixed complaint rather than the entire action).

files a "mixed" complaint, "the district court should dismiss the unexhausted claims when the unexhausted claims are not intertwined with the properly exhausted claims." *Id*. at 1175.  When the "mixed" complaint contains exhausted and unexhausted claims that are closely related and difficult to separate, "dismissal of the defective complaint with leave to amend to allege only fully exhausted claims [] is the proper approach." *Id*. at 1176.

**B.  Analysis**

Defendants do not challenge plaintiff's exhaustion of remedies as to his complaints that under A.R. 810 the sauna is no longer available for the Asatruar and that donated items approved in the past are now prohibited (#26).[6]  *Id*.  However, defendants claim that plaintiff never referred to any institutional procedures in his grievances, and therefore, he has not exhausted administrative remedies as to his complaint that practitioners of pagan religions must advise prison officials six weeks before any proposed religious ceremonies or observances and that their access to their religious areas is much more limited than that of Judeo-Christians.  *Id*.  Plaintiff does not address his failure to grieve institutional procedures (*See* # 28).  His opposition basically reiterates his assertion that he grieved A.R. 810.  *Id*.

Plaintiff's claims all relate to the ability of the Asatruar to practice their religion in prison, thus the claims are closely related and difficult to separate.  On the one hand, because the institutional procedures implement the administrative regulations, plaintiff's claims might be viewed as so intertwined as to amount to a single, exhausted claim.  *See Lira v. Herrera*, 427 F.3d

---

[6]Defendants argue for the first time in their reply to plaintiff's opposition to the motion to dismiss (#30) that plaintiff failed to exhaust administrative remedies for each complained of version of A.R. 810. Defendants appear to be correct, however, plaintiff had no opportunity to respond.  Further, the court notes that prison officials have been in the process of revising A.R. 810 for an extended period of time.  If the court requires plaintiff to grieve each version of A.R. 810 it appears unlikely that plaintiff could complete the grievance process.  Due to the court's concern that this approach unconstitutionally impedes plaintiffs' access to the courts, the court finds that plaintiff exhausted his remedies with respect to his A.R. 810 complaints.

at 1177, n.13.  If the court finds the claims are more accurately viewed as a single claim, and because defendants did not, in their motion to dismiss, raise the affirmative defense that plaintiff had failed to exhaust on each claim, the court could deny defendants' motion in its entirety. *Wyatt,* 315 F.3d at 1119.  On the other hand, the PLRA exhaustion requirement aims to give prison officials the first opportunity to rectify issues within their institution.  *Lira,* 427 F.3d at 1171.  Plaintiff's grievances fail to specifically raise his concerns relating to the institutional procedures–the advance notice for religious ceremonies and restricted access to religious areas. Therefore, defendants' motion to dismiss plaintiff's "mixed" complaint is granted with leave to re-file to allege only the fully exhausted claims.  *Id*. at 1176.

### III.  CONCLUSION

Based on the foregoing and for good cause appearing, the court concludes that plaintiff failed to exhaust his administrative remedies with respect to his complaints involving advance notice for religious ceremonies and restricted access to religious areas before he filed a § 1983 complaint.  As such, the court recommends that the defendants' motion to dismiss (#26) be granted and that plaintiff's complaint be dismissed with leave to re-file to allege only fully exclaims.

The parties are advised:

1.    Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule IB 3-2 of the Local Rules of Practice, the parties may file specific written objections to this report and recommendation within ten days of receipt.  These objections should be entitled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

2.   This report and recommendation is not an appealable order and any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment.

## IV.  RECOMMENDATION

IT IS THEREFORE RECOMMENDED that defendants' motion to dismiss (#26) be GRANTED with leave to re-file to allege only fully exhausted claims.

DATED: January 24, 2006.

_____

**UNITED STATES MAGISTRATE JUDGE**